**WO**                                                                                    JDN

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Bobby Joe Flemons, Jr., | ) | No. CV 05-2395-PHX-MHM (MEA) |
| Plaintiff, | ) | **ORDER** |
| vs. | ) | |
| Joseph Arpaio, | ) | |
| Defendant. | ) | |

Plaintiff, presently confined in the Barchey - Blue Unit, of the Arizona State Prison Complex in Buckeye, Arizona, has filed a civil rights action pursuant to 42 U.S.C. § 1983. The Court will require an answer to the Complaint.

**A.      Application to Proceed *In Forma Pauperis* & Filing Fee**

Plaintiff's request to proceed *in forma pauperis* will be granted. 28 U.S.C. § 1915(a). Pursuant to 28 U.S.C. § 1915(b)(1), Plaintiff is required to pay the statutory filing fee of **$250.00** for this action. No initial partial filing fee will be assessed by this Order. 28 U.S.C. § 1915(b)(1).

Plaintiff will be obligated for monthly payments of 20 percent of the preceding month's income credited to Plaintiff's trust account. The Court will direct the appropriate agency to collect these monthly payments, which will be forwarded to the Clerk of Court each time the amount in Plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2). Plaintiff should take notice that if he is released before the filing fee is paid in full, he must pay the remaining unpaid amount of the filing fee within 120 days of

**TERMPSREF**

1   the date of his release.  If Plaintiff fails to pay the remainder of the filing fee within 120 days

2   of the date of his release, the action will be dismissed, unless Plaintiff shows good cause, in

3   writing, why he is unable to pay the remainder of the filing fee.

4   **B.**     **Statutory Screening of Prisoner Complaints**

5          The Court is required to screen complaints brought by prisoners seeking relief against

6   a governmental entity or officer or employee of a governmental entity.   28 U.S.C.

7   § 1915A(a).  The Court must dismiss a complaint or portion thereof if the Plaintiff has raised

8   claims that are legally "frivolous or malicious," that fail to state a claim upon which relief

9   may be granted, or that seek monetary relief from a defendant who is immune from such

10  relief.  28 U.S.C. § 1915A(b)(1), (2).

11  **C.**     **Complaint**

12         Plaintiff's action concerns his previous confinement at the Durango Jail in Phoenix,

13  Arizona.  In his Complaint Plaintiff alleges that the jail was severely overcrowded, the living

14  conditions were unsanitary, and he received insufficient and often undercooked food.  He

15  claims that he feared for his life because of the overcrowded conditions.  He also states that

16  he suffered from loss of sleep, anxiety, cold and flu symptoms, nausea, headaches, stomach

17  pains, and hunger.  Plaintiff further alleges that Defendant Joseph Arpaio, the Maricopa

18  County Sheriff, is liable because he sets the policies and procedures at the jail.  These

19  allegations adequately state a claim, and the Court will require an answer to the Complaint.

20         Throughout his Complaint, Plaintiff refers to Hart v. Hill, No. CIV 77-0479-PHX-

21  EHC (MS) (D. Ariz.), claiming that the conditions of his confinement violated an Amended

22  Judgment in that action.  Jurisdiction to enforce the judgment is retained by the court which

23  entered it.  Jeff D. v. Kempthorne, 365 F.3d 844, 853 (9th Cir. 2004).  A civil rights action

24  is not the proper means by which to enforce the decree.  Cagle v. Sutherland, 334 F.3d 980,

25  986 (11th Cir. 2003); Klein v. Zavaras, 80 F.3d 432, 435 (10th Cir. 1996); DeGidio v. Pung,

26  920 F.2d 525, 534 (8th Cir. 1990); Green v. McKaskle, 788 F.2d 1116, 1122-23 (5th Cir.

27  1986).  Standing alone, remedial orders cannot serve as a substantive basis for a § 1983 claim

28  for damages because such orders do not create "rights, privileges, or immunities secured by

1  the Constitution and laws." <u>Green</u>, 788 F.3d at 1123-24.  Remedial decrees are the means

2  by which unconstitutional conditions are corrected but they do not create or enlarge

3  constitutional rights.  <u>Id.</u> at 1123.  To the extent Plaintiff seeks to enforce <u>Hart v. Hill</u>, his

4  claim is not properly brought in this action.  Instead, his allegations must separately state a

5  violation of a constitutional right.  At this juncture, as described *supra*, Plaintiff's allegations

6  do state a claim for a constitutional violation.

7  **D.     <u>Rule 41 Cautionary Notice</u>**

8          Plaintiff should take notice that if he fails to timely comply with every provision of

9  this Order, or any order entered in this matter, this action will be dismissed pursuant to Rule

10 41(b) of the Federal Rules of Civil Procedure.  <u>See</u> <u>Ferdik v. Bonzelet</u>, 963 F.2d 1258, 1260-

11 61 (9th Cir. 1992) (district court may dismiss action for failure to comply with any order of

12 the Court).

13 **IT IS THEREFORE ORDERED that:**

14         (1)  Plaintiff's Application to Proceed *In Forma Pauperis* is granted pursuant to 28

15 U.S.C. § 1915(a)(1).

16         (2)  Plaintiff is obligated to pay the statutory filing fee of $250.00 for this action.  No

17 initial partial filing is assessed.

18         (3) The Clerk of Court shall send Plaintiff a service packet including the Complaint,

19 this Order, and both summons and request for waiver forms for Defendant Arpaio.

20         (4)  Plaintiff shall complete and return the service packet to the Clerk of Court within

21 20 days of the date of filing of this Order.  The United States Marshal will not provide

22 service of process if Plaintiff fails to comply with this Order.

23         (5) If Plaintiff does not either obtain a waiver of service of the summons or complete

24 service of the Summons and Complaint on each Defendant within 120 days of the filing of

25 the complaint or within 60 days of the filing of this Order, whichever is later, the action may

26 be dismissed as to each Defendant not served pursuant to Rule 4(m) of the Federal Rules of

27 Civil Procedure and Rule 16.2(b)(2)(B)(i) of the Local Rules of Civil Procedure.

28         (6)  The United States Marshal shall retain the Summons, a copy of the Complaint,

1    and a copy of this Order for future use.

2    (7) The United States Marshal shall notify Defendant of the commencement of this

3    action and request waiver of service of the summons pursuant to Rule 4(d) of the Federal

4    Rules of Civil Procedure.  The notice to Defendant shall include a copy of this Order.  The

5    Marshal shall file waivers of service of the summons or requests for waivers that were

6    returned as undeliverable as soon as they are received.  If a waiver of service of summons

7    is not returned by a Defendant within thirty days from the date the request for waiver was

8    sent by the Marshal, the Marshal shall:

9    (a) Personally serve copies of the Summons, Complaint, and this Order upon the

10   Defendant pursuant to Rule 4(e)(2) of the Federal Rules of Civil Procedure;

11   (b) Within 10 days after personal service is effected, file the return of service for

12   the Defendant, along with evidence of the attempt to secure a waiver of service of the

13   summons and of the costs subsequently incurred in effecting service upon the

14   Defendant.  The costs of service shall be enumerated on the return of service form

15   (USM-285) and shall include the costs incurred by the Marshal for photocopying

16   additional copies of the Summons, Complaint, or this Order and for preparing new

17   process receipt and return forms (USM-285), if required.  Costs of service will be

18   taxed against the personally served defendant pursuant to Rule 4(d)(2) and (5) of the

19   Federal Rules of Civil Procedure, unless otherwise ordered by the Court.

20   (8) **A Defendant who agrees to waive service of the Summons and Complaint**

21   **shall return the signed waiver forms to the United States Marshal, not the Plaintiff.**

22   (9)  Defendant shall answer the Complaint or otherwise respond by appropriate

23   motion within the time provided by the applicable provisions of Rule 12(a) of the Federal

24   Rules of Civil Procedure.

25   (10) Any answer or responsive pleading shall state the specific Defendant(s) by name

26   on whose behalf it is filed.  The Court may strike any answer, responsive pleading, or other

27   motion or paper that does not identify the specific Defendant(s) by name on whose behalf

28   it is filed.

**TERMPSREF**

(11)  Plaintiff shall serve upon Defendant, or if appearance has been entered by counsel, upon counsel, a copy of every further pleading or other document submitted for consideration by the Court.  Plaintiff shall include with the original document and copy, to be filed with the Clerk of the Court, a certificate stating the date a true and correct copy of the pleading or document was mailed to Defendant or counsel.  Any paper received by a District Court Judge or Magistrate Judge which has not been filed with the Clerk of Court may be disregarded by the Court.

(12) At all times during the pendency of this action, Plaintiff shall immediately advise the Court and the United States Marshal of any change of address and its effective date. Such notice shall be captioned "NOTICE OF CHANGE OF ADDRESS."  The notice shall contain only information pertaining to the change of address and its effective date.  Plaintiff shall serve a copy of the notice on all opposing parties. The notice shall not include any motions for any other relief. Failure to file a Notice of Change of Address may result in the dismissal of the action for failure to prosecute pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

(13)  A clear, legible copy of every pleading or other document filed shall accompany each original pleading or other document filed with the Clerk for use by the District Judge or Magistrate Judge to whom the case is assigned.  Failure to comply with this requirement may result in the pleading or document being stricken without further notice to Plaintiff.

(14)  This matter is referred to Magistrate Judge Mark E. Aspey pursuant to Rule 72.1 and 72.2 of the Local Rules of Civil Procedure for further proceedings.

DATED this 26th day of April, 2006.

_____
Mary H. Murguia
United States District Judge