**WO**  BL

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Bobby Joe Flemons, Jr., | No. CV 05-2395-PHX-MHM (MEA) |
| Plaintiff, | **ORDER** |
| vs. | |
| Joseph Arpaio, | |
| Defendant. | |

In this civil rights action brought by a *pro se* inmate, Defendant moved to dismiss (Doc. #8) for lack of exhaustion. Plaintiff has failed to respond. After careful review of these pleadings and the record, the Court will grant Defendant's motion.

**I. Background**

Plaintiff filed a 42 U.S.C. § 1983 action against Defendant Joseph Arpaio, alleging that his constitutional rights were violated by (1) overcrowding, (2) unsanitary conditions, and (3) an inadequate and tainted diet (Docs. #6). This Court ordered Defendant to answer the Complaint, and he subsequently filed a Motion to Dismiss arguing that Plaintiff failed to exhaust his administrative remedies because Plaintiff did not file any inmate grievances (Docs. ##4, 8). Attached to the motion were (1) an affidavit of Sergeant Zelean Tademy, a Hearing Officer for inmate discipline and grievances, and (2) the Maricopa County Sheriff's Office Inmate Grievance Procedure (Doc. #8).

## II. Failure to Respond

Local Rule of Civil Procedure 7.2(i) provides that if a party files a motion to dismiss, and this Court orders a response, and "the opposing party does not serve and file the required answering memoranda . . . such non-compliance may be deemed a consent to the . . . granting of the motion." See also Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (providing that the district court did not abuse its discretion in summarily granting defendants' motion to dismiss pursuant to local rule where *pro se* plaintiff had time to respond to the motion but failed to do so). Moreover, "[p]ursuant to Federal Rule of Civil Procedure 41(b), [this Court] may dismiss an action for failure to comply with any order of the [C]ourt." Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992).

After Defendant filed the Motion to Dismiss, Plaintiff was provided notice of that motion, advised of his obligation to respond to the motion, and informed that the failure to respond may "be deemed a consent to the granting of that Motion" (Doc. #9)  Despite these warnings, Plaintiff has failed to respond to the Defendant's Motion to Dismiss. Accordingly, Plaintiff's failure to respond to the Motion to Dismiss may be construed as a consent to the granting of it.  However, out of an abundance of caution, the merits of Defendant's Motion to Dismiss will be addressed.

## III. Legal Standard on Motion to Dismiss

Pursuant to 42 U.S.C. § 1997e(a) of the Prison Litigation Reform Act, a prisoner may not bring a lawsuit with respect to prison conditions under 42 U.S.C. § 1983 unless all available administrative remedies are exhausted. See Roles v. Maddox, 439 F.3d 1016, 1017 (9th Cir. 2006).  Exhaustion is mandated "regardless of the relief offered through administrative procedures." Booth v. Churner, 532 U.S. 731, 741 (2001).  It is required in all inmate suits regarding prison life. Porter v. Nussle, 534 U.S. 516, 523 (2002).  To be "properly exhausted," the prisoner "must complete the administrative review process in accordance with the applicable rules, including deadlines, as a precondition to bringing suit in federal court." Ngo v. Woodford, 126 S.Ct. 2378, 2384 (2006).

1   Defendants bear the burden of raising and proving the absence of exhaustion. <u>Wyatt</u>
2   <u>v. Terhune</u>, 315 F.3d 1108, 1119 (9th Cir. 2003). The Court considers exhaustion as a matter
3   of abatement in an unenumerated Federal Rule of Civil Procedure 12(b) motion and "may
4   look beyond the pleadings and decide disputed issues of fact." <u>Id.</u> at 1119-20. The Court has
5   broad discretion as to the method to be used in resolving the factual dispute. <u>Ritza v. Int'l</u>
6   <u>Longshoremen's & Warehousemen's Union</u>, 837 F.2d 365, 369 (9th Cir. 1988). The proper
7   remedy when a "prisoner has not exhausted nonjudicial remedies . . . is dismissal of the claim
8   without prejudice." <u>Wyatt</u>, 315 F.3d at 1120.

**IV.  Analysis**

According to the documents attached to the Motion to Dismiss, an inmate should seek to resolve a conflict through the Maricopa County Jail System's Inmate Grievance Procedures. Specifically, an inmate who wishes to file a grievance will be provided a Grievance Form upon request, and must submit the form to a detention officer. The unresolved grievance is forwarded to the shift Supervisor, and then to the Hearing Officer. If the Hearing Officer is unable to resolve the grievance, the inmate may appeal his decision to the jail commander, whose decision may be appealed to an External Referee. The External Referee's decision is final. Tademy attested that Plaintiff did not file any grievances or grievance appeals (Doc. #8, ex. 1).

Defendant has demonstrated that there exists a grievance system, to which Plaintiff failed to avail himself. Plaintiff stated in his Complaint that the issues were not grievable, grievances submitted to detention officers were not always taken seriously or sincerely (Docs. ##1, 6). First, Plaintiff must exhaust regardless of the remedies available or the sincerity of the detention officers. <u>See</u> <u>Booth v. Churner</u>, 532 U.S. 731, 741 (2001). Second, Plaintiff's mere statement regarding whether his complaints were grievable is insufficient to support an allegation that Plaintiff was "reliably informed" that there were no available remedies. <u>Brown v. Valoff</u>, 422 F.3d 926, 934-35 (9th Cir. 2005). Accordingly, based on the evidence before this Court, Plaintiff failed to exhausted his administrative remedies, and Defendant's motion to dismiss will be granted.

**IT IS ORDERED** that Defendant's Motion to Dismiss (Doc. #8) is **granted**. Plaintiff's action is dismissed without prejudice for lack of exhaustion. The Clerk of Court shall enter a judgment of dismissal accordingly.

DATED this 3rd day of October, 2006.

*/s/ Mary H. Murguia*
Mary H. Murguia
United States District Judge